George H. Spellman
vs.     } Eq. No. 8809
Arnold Realty Company

March 29, 1928.

TANNER, P. J. This is a bill in equity in which the complainant alleges that he is the owner of certain described real estate; that the respondent is the owner of a certain other tract of land which adjoins the complainant's land on its southerly boundary line; that on the 15th of September 1865 the predecessors in title of the complainant and the respondent entered into a certain agreement which restrained the respondent and its predecessors in title from erecting or maintaining any building on a certain strip of land 10 feet 8 inches in width, which strip of land was and is parallel with the southerly line of the premises owned by the respondent, and that said respondent is threatening to violate said agreement.

The agreement is made a part of the bill in equity and shows that it was not acknowledged. The agreement seems to create an easement in the respondent's land in behalf of the complainant. Such an easement being an incorporeal hereditament and an interest in the land, the conveyance thereof must be executed with the formality essential to the conveying of estates and land.

The statute in force at the time of said agreement or conveyance provided

that unless acknowledged such a conveyance should be void, provided, that the same shall, between the parties and their heirs, nevertheless be valid and binding.

Such a conveyance, however, is held to be valid as to all purchasers for value having actual knowledge of the agreement.

*Westerly Bank* v. *Stillman*, 16 R. I. 498.

The allegation of the bill is that said agreement was entered into by the predecessors in title of the complainant and the respondent. The bill does not allege that the respondent was an heir of the predecessors in title. We think the bill should allege that the respondent was an heir of the predecessors in title, or that no successor of the first predecessor in title of the respondent took said estate of the respondent as a purchaser for value without actual notice of the agreement.

For these reasons, we think that the demurrer should be sustained.

For Complainant: E. Raymond Walsh.

For Respondent: James E. Brennan.